UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN DESHAY LESLIE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JEREMY CLABORN, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00366-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 8.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.　BACKGROUND

Deshawn Deshay Leslie ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 19, 2019. (Doc. 1.)

On May 1, 2019, Plaintiff filed a motion for a temporary restraining order and preliminary injunction, which the court construes as a request for preliminary injunctive relief. (ECF No. 8.)

## II.　PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id.

1

at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### III.  PLAINTIFF'S REQUEST

Plaintiff requests a court order compelling officials at California Correctional Institution (CCI) in Tehachapi, California, where Plaintiff is incarcerated, to stop the retaliation, malicious and frivolous disciplinary action, intimidation, and threats of harm against him. Plaintiff alleges that Officer Claborn told him he would be placed on C-status, lose access to the law library, and be housed in Housing Unit #5. Plaintiff requests an order directing Captain Gonzales not to place him on C-status, or house him in Housing Unit #5. Plaintiff alleges that other inmates are being solicited to cause him physical harm, and he was told that if he drops his lawsuit the charges against him will be dropped.

#### **Analysis**

Plaintiff filed the Complaint for this action on March 19, 2019, and the Complaint awaits the court's screening. The Court therefore cannot opine that Plaintiff is likely to succeed on the merits of his claims. Furthermore, no defendants have yet appeared in this action, and the court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

The court also lacks jurisdiction to issue the order sought by Plaintiff as such an order would not remedy any of the claims upon which this case proceeds. This case was filed against

defendants at CCI based on events occurring before Plaintiff filed the Complaint. Plaintiff now requests a court order for prospective relief to protect him from future retaliation and threats by the defendants. Because such an order would not remedy any of the claims in this case, which are based upon past events, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Plaintiff is not precluded from renewing the motion at a later stage of the proceedings.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on May 1, 2019, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 10, 2019**           **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE