# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DESHAWN DESHAY LESLIE,

       Plaintiff,

  v.

JEREMY CLABORN, et al.,

       Defendants.

**1:19-cv-00366-NONE-GSA (PC)**

**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 21.)**

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS**

## I.   BACKGROUND

Deshawn Deshay Leslie ("Plaintiff") is a jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 19, 2019. (ECF No. 1.)

On December 4, 2020, Plaintiff filed a motion for a court order allowing him access to the jail's law library. (ECF No. 21.)

## II.      PLAINTIFF'S MOTION

Plaintiff requests a court order granting him access to the library so that he can move forward with this case.  He asserts that he previously made a request at the jail to access the law library, which was granted in part, but he is now "without a remedy."  (ECF No. 21 at 1:24.)  Because Plaintiff seeks a court order compelling jail officials to act on his behalf the court construes Plaintiff's motion as a motion for preliminary injunctive relief.

### Preliminary Injunctive Relief

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

///

## III.    DISCUSSION

On July 28, 2020, the court dismissed Plaintiff's First Amended Complaint for violation of Rules 18 and 20, with leave to file a Second Amended Complaint within 30 days. (ECF No. 17.) Plaintiff was granted a 90-day extension of time on October 26, 2020. (ECF No. 19.) To date, Plaintiff has not filed a Second Amended Complaint. The Court therefore cannot opine that Plaintiff is likely to succeed on the merits of his claims. Furthermore, no defendants have yet appeared in this action and the court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

The court also recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, the court shall defer to the prison's policies and practices in granting Plaintiff access to the law library.

Plaintiff is not precluded from renewing this motion at a later stage of the proceedings. However, if Plaintiff needs a further extension of time to file the Second Amended Complaint he should file a motion before the deadline expires.

## IV.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on December 4, 2020, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:    **December 8, 2020**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE