UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN DESHAY LESLIE,<br><br>               Plaintiff,<br><br>    v.<br><br>JEREMY CLABORN, et al.,<br><br>               Defendants. | 1:19-cv-00366-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 17.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

**I.    BACKGROUND**

Deshawn Deshay Leslie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 19, 2019.  (ECF No. 1.)  Plaintiff filed the First Amended Complaint on May 1, 2019, as a matter of course.  (ECF No. 10.)

On July 28, 2020, the Court issued an order dismissing Plaintiff's First Amended Complaint for violation of Rules 18 and 20, with leave to file a Second Amended Complaint

within thirty days. (ECF No. 17.) The thirty-day time period has expired and Plaintiff has not filed a Second Amended Complaint or otherwise respond to the Court's order.

On September 22, 2020, the court issued findings and recommendations, recommending that this case be dismissed, without prejudice, for Plaintiff's failure to obey the Court's order. (ECF No. 18.) On October 16, 2020, Plaintiff filed a motion for a ninety-day extension of time to file the Second Amended Complaint. (ECF No. 19.) On October 26, 2020, the court vacated the September 22, 2020 findings and recommendations and granted Plaintiff a ninety-day extension of time to file the Second Amended Complaint. (ECF No. 20.)

On January 22, 2021, Plaintiff filed a motion for a sixty-day extension of time to file the Second Amended Complaint. (ECF No. 24.) On January 28, 2021, the Court granted Plaintiff a sixty-day extension of time. (ECF No. 25.)

The sixty-day time period has now passed and Plaintiff has neither filed the Second Amended Complaint nor otherwise responded to the Court's order issued on July 8, 2020.

## II.     DISMISSAL FOR FAILURE TO COMPLY WITH COURT'S ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since March 19, 2019. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not file an amended complaint so his case can proceed. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently

increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### III. RECOMMENDATION AND CONCLUSION

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order of July 28, 2020.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2021**              **/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE