**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESHAWN DESHAY LESLIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY CLABORNE, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00366-NONE-GSA-PC<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>**(ECF NO. 29.)**<br><br>**THIRTY-DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT** |

**I.     BACKGROUND**

Deshawn Deshay Leslie ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On March 19, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On May 1, 2019, Plaintiff filed the First Amended Complaint as a matter course.  (ECF No. 10.)   The court screened the First Amended Complaint and issued an order on July 28, 2020, dismissing it for violation of Rules 18 and 20, with leave to amend.  (ECF No. 17.)  On July 9, 2021, Plaintiff filed the Second

Amended Complaint which is now before the court for screening. (ECF No. 29.) 28 U.S.C. 1915.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff is a state prisoner presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the Second Amended Complaint allegedly occurred at California Correctional Institution in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections

and Rehabilitation (CDCR).  Plaintiff names as defendants Correctional Officer (C/O) Jeremy Claborn, C/O Ismael Cavazos, Sergeant B. Anderson, Lieutenant Luis Machado, C/O Lisa Olivares, C/O Michael Rodriguez, B. Sutton (Teacher), Captain Terri Gonzales, Leanna Lundy (Associate Warden), and John Does #1-3 (collectively, "Defendants").

**Claim #1**

On or about January 11, 2019, at 1315 hours, defendant C/O Jeremy Claborn called Plaintiff over by the Unit Office and told him that if he didn't stop running to the Captain and telling her about what happened on January 5, 2019, he would kick Plaintiff's ass.  The January 5, 2019 incident was when defendant John Doe #1 tried to solicit three inmates to try and assault Plaintiff, calling him a snitch due to one of Plaintiff's lawsuits and Plaintiff being a MAC Rep.  Defendant J. Claborn was the IAC Chairman.  Defendant Claborn told Plaintiff that if he said anything about what he told Plaintiff he and defendant C/O Cavazos would fuck Plaintiff up.

On January 14, 2019, at 1130 hours, Plaintiff talked with defendant Captain T. Gonzales and told her what had happened, but she failed to act or open an inquiry into all of the claims made in this Complaint.

On February 14, 2019, at 1430 hours, defendants Claborn and Cavazos told Plaintiff if he didn't stop trying to file his complaint, they would send some inmates to fuck Plaintiff up.  On February 17, 2019, at 1115 hours, Plaintiff was stopped by defendant Sergeant Anderson who told Plaintiff to stop filing staff complaints against his officers.  Defendant Anderson also told Plaintiff that all of his complaints against defendant Claborn would never be filed.

**Claim #2**

On or about January 11, 2019, January 14, 2019, and February 12, 2019, Plaintiff was stopped by all of the named Defendants in Claim #1 who threatened him and retaliated against him.  On February 12, 2019, defendant Sergeant Anderson intimidated Plaintiff and threatened his safety to try and stop Plaintiff from filing grievances.  On February 14, 2019, defendant Claborn told Plaintiff to stop trying to file and tell on him in a staff complaint appeal.  Defendants Anderson, Claborn, and Cavazos told Plaintiff they would see to it that Plaintiff gets an ass kicking he will never forget.

3

**Claim #3**

On January 11, 2019 and sometime in March 2019, defendants Claborn and Does #1-#3 all conspired to interfere with Plaintiff's civil rights to redress his complaints in appeals for all of the claims made in this action. All of the named defendants have conspired to threaten Plaintiff and hinder Plaintiff's rights to file appeals and grievances and seek relief. Then all of the named Defendants conspired to try and solicit three inmates to try and assault Plaintiff calling him a snitch due to Plaintiff's other lawsuit and Plaintiff being a MAC Rep.

**Request for Relief**

Plaintiff seeks declaratory relief, monetary damages and punitive damages, costs of suit, attorney's fees when applicable, and an evidentiary hearing.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also

Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   No Personal Participation – defendants Machado, Olivares, Rodriguez, Sutton, and Lundy

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Id. at 676-77; Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

In the Second Amended Complaint, Plaintiff did not allege any facts concerning personal acts by defendants Machado, Olivares, Rodriguez, Sutton, or Lundy. Plaintiff did not make any allegations against any of these five defendants. Therefore, Plaintiff fails to state any claims against defendants Machado, Olivares, Rodriguez, Sutton, or Lundy.

///

### B. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A retaliation claim has five elements. Id.

First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A prisoner's formal and informal grievances, whether in writing or verbal, are protected conduct under First Amendment. Entler v. Gregoire, 872 F.3d 1031 (9th Cir. 2017)

Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Rhodes, 408 F.3d at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.

Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegations of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).

Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532

(9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984).

Plaintiff alleges that defendants Claborn, Cavazos, Anderson, and John Does #1-#3 all retaliated against him, either for filing prison grievances/appeals or for reporting to defendant Captain T. Gonzales that defendant John Doe #1 tried to solicit three inmates to try and assault Plaintiff.

Plaintiff's participation in the prison appeals process and his reporting to Captain Gonzales about defendant John Doe #1 trying to solicit inmates to assault Plaintiff are all protected conduct under the First Amendment. Entler, 872 F.3d at 1031 (state prisoner's formal and informal grievances, whether in writing or verbal, were protected conduct under First Amendment); Uribe v. McKesson, No. 08–cv–1285 SMS, 2011 WL 9640 at *12 (E.D.Cal. Jan.3, 2011) (prisoner's attempt to report a prison official's misconduct, either "verbally or in writing, constitutes speech or conduct entitled to First Amendment protection.")

As for adverse actions against Plaintiff by Defendants, Plaintiff alleges that defendant Claborn threatened to "kick Plaintiff's ass" and "fuck Plaintiff up;" that defendants Claborn and Cavazos threatened to "send some inmates to fuck Plaintiff up;" and that defendants Anderson, Claborn, and Cavazos told Plaintiff they would see to it that Plaintiff "gets an ass kicking" he will never forget. These threats to Plaintiff's safety and well-being are threats that would chill or silence a person of ordinary firmness from future First Amendment activities and therefore are adverse actions against Plaintiff.

Plaintiff also alleges that defendant Anderson intimidated him, threatened his safety, and told Plaintiff his complaints against defendant Claborn would never be filed. However, these allegations of intimidation and threat to safety are vague and conclusory. Without more facts describing what Anderson did or said to intimidate Plaintiff and threaten Plaintiff's safety, the court cannot find that these acts would chill or silence the activities of a person of ordinary firmness. Plaintiff must explain more about Anderson's threats that Plaintiff's complaints would

never be filed. Plaintiff should clarify the circumstances of this threat and whether defendant Anderson had the authority or opportunity to stop Plaintiff's complaints from being filed. Plaintiff should also clarify whether Anderson was referring to prison grievances or court lawsuits as complaints that would never be filed.

Plaintiff must also allege more facts to show a nexus or connection between his grievances or complaints and the adverse actions taken against him. Plaintiff should provide more information about when he filed each of the grievances or complaints, who each complaint was filed against, how Defendants would have known about these filings, and how the actions against Plaintiff are connected to each filing, showing retaliatory intent. Ideally, Plaintiff's allegations should state the dates when events happened, in chronological order. Plaintiff must not combine dates together or describe what multiple Defendants did together. Instead, Plaintiff must name an individual Defendant and allege how that individual Defendant personally acted against him, causing Plaintiff's constitutional rights to be violated. With respect to the Doe Defendants, Plaintiff must give more identifying information, if he can, as to each of them and allege how each of them personally acted against him and what, if anything, each one said to him. For example, are the Doe defendants inmates, correctional officers, or others. Likewise, Plaintiff cannot state a claim by making allegations against the Doe Defendants as a group. Plaintiff is advised that Doe defendants must be named or otherwise identified as actual individuals before service can go forward. For service to be successful, the Marshal must be able to identify and locate defendants.

Plaintiff must also allege that the prison authorities' retaliatory actions did not advance legitimate goals of the correctional institution.

Plaintiff shall be granted leave to amend his retaliation claim to address the deficiencies identified by the court.

### C. Failure to Protect – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide

prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that after defendants Claborn and Cavazos told him that if he said anything about the 1/5/19 incident they would F…him up, he went to defendant Captain T. Gonzales and told her what had happened, but she failed to act or open an inquiry into all of the claims made in this Complaint. These allegations are not sufficient to state a failure-to-protect

claim against defendant Gonzales.  Plaintiff has not shown that defendant T. Gonzales was made aware and believed that Plaintiff was at a substantial risk of serious harm by the Defendants. Plaintiff has not shown that defendant Gonzales knew about the risk and yet ignored the risk or otherwise acted unreasonably to the known risk.

To show that Defendant Gonzales, or any other named defendant, failed to protect him from being assaulted, Plaintiff must allege facts against each individual Defendant explaining what each of them did or said that showed they knew about a substantial risk of serious injury to Plaintiff and ignored the known risk.

Therefore, Plaintiff fails to state a claim against any of the Defendants for failure to protect him in violation of the Eighth Amendment.

**D.     Conspiracy**

Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an "'actual deprivation of his constitutional rights resulted from the alleged conspiracy,'" Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) ).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541).  A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126).  The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of

Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

At this point much of Plaintiff's allegations of a conspiracy under § 1983 fail because his allegations are conclusory and merely speculative. For instance, Plaintiff claims that Claborn and DOES 1-3 conspired to interfere with Plaintiff's civil rights. However, it is not enough to simply allege that Defendants conspired against him. Plaintiff must provide more specific information/facts about the conspiracy and how each individual defendant is part of that conspiracy. Plaintiff should provide details about what was said by each defendant, who was present when conspiratorial statements were made, and what the purpose of the conspiracy was about. Therefore, Plaintiff fails to state a claim for conspiracy.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Therefore, Plaintiff shall be granted leave to amend the complaint. The court will provide Plaintiff with thirty days to file a Third Amended Complaint curing the deficiencies identified above. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th

Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved.

Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

///

Also, Plaintiff is not granted leave to add allegations to the amended complaint of events that occurred after March 19, 2019, the date the original Complaint was filed.

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The Third Amended Complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint, filed on July 9, 2021, is dismissed for failure to state a claim upon which relief may be granted against any of the Defendants, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty days from the date of service of this order, Plaintiff shall file a Third Amended Complaint curing the deficiencies in the Second Amended Complaint identified by the court;
4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:19-cv-00366-NONE-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

   Dated: **October 1, 2021**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE